IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONICA ANISZEWSKI, | ) |
| individually | ) |
| and on behalf of all persons | ) |
| similarly situated | ) CASE NO 18 CV 7195 |
| as class representative under | ) |
| Illinois Law and/or as | ) |
| members of the Collective as permitted | ) |
| under the Fair Labor Standards Act; | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| MAWKS EDELWEISS, LTD. | ) |
| d/b/a | ) |
| EDELWEISS RESTURANT and | ) |
| Matthew Kosch and Walter Kosch | ) |
| as individuals | ) |
| under FLSA and Illinois Wage Laws | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) **ON ALL COUNTS** |
| Defendants. | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiff, Monica Aniszewski, individually and on behalf of all others

similarly situated, as class representatives, by and through her undersigned counsel of record,

upon personal knowledge as to those allegations in which she so possesses and upon information

and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act

(hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter

"IMWL" ) Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))

(hereinafter "IWPCA" ) and brings this cause of action against Defendant MAWKS

EDEWEISS, LTD., d/b/a Edeweiss Restaurant (Hereinafter referred to as "Mawks"), and against

Defendant Matthew Kosch and Walter Kosch as individuals under FLSA and Illinois Wage Laws and in so doing states the following:

## NATURE OF THE ACTION

1.  Plaintiff, Monica Aniszewski alleges individually and on behalf of herself and other similarly situated current, former and future employees of the Defendant, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiffs and those employees that are similarly situated to the Individual Plaintiffs) that she, under both federal and state wage laws, are entitled to be paid for all hours worked and to receive minimum wage for all hours worked and/or receive time and half for all hours worked over forty (40) hours per week.

2.  Plaintiff also brings a claim for overtime and minimum wage claims for off the clock work specifically that Plaintiff and other employees were required to continue working after they punched out with full knowledge and consent, and instruction of her employer but was not paid for this work time.

3.  Further Plaintiff alleges that Defendants failed to pay wages and/or overtime, in fact Defendants actively deducted wages from Plaintiff, class and collective via on check "voluntary" deductions. Such deductions are not legal as per 29 C.F.R. §§ 778.307, 531.37(a); WH Opn Ltr No. 1291 (Oct. 1, 1973) and Illinois Department of Labor Regulations. Further Plaintiff is not aware of what the deduction is even for, thus Plaintiff cannot 'volunteer' to have the deduction, without the knowledge of the purpose of the deduction.

4.  This policy and procedure of wage deduction is found on all checks, of all server employees thus is applied universally to the class.

5.     This action is brought as a class action pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) ("IWPCA ").

6.     This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay which was not compensated at the proper rate of pay, rate of pay to include all compensation.

7.     Plaintiff's federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA; state law and common law claims are brought as a conventional class action.

8.     Plaintiff, in her class claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices and attorneys' fees and costs.

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

10.    This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois

Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

11.    The Court is authorized to issue a declaratory judgment.

12.    Venue is proper in this Court.

13.    Defendant does business and is a resident of this District and Division of Federal Court.

**ENTERPRISE JURISDICTION**

14.    Plaintiff alleges Enterprise Jurisdiction, as Defendant is sufficient size to engage in commerce.

15.    Defendant has a large facility, large staff consisting of 7-12 waitstaff at any one time.

16.    Thus Plaintiff alleges, given the large facility and large staff, that Defendant has at least $500,000 in sales per year.

17.    Defendant's operations exceed sales of $500,000.00.

18.    Defendant, is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

**INDIVIDUAL FLSA COVERAGE**

19.    Further, the Plaintiff also alleges individual FLSA Coverage.

20.    Defendants are also covered under individual coverage of the FLSA.

21.    Even when there is no enterprise coverage, employees are protected by the FLSA if their work regularly involves them in commerce between States ("interstate commerce"). The FLSA covers individual workers who are "engaged in commerce or in the production of goods for commerce."

22. Here Plaintiff, Class and Collective sold products to ultimate consumers that traveled in commerce.

23. The items that Plaintiff class and collective sold include beers from other states in America and from overseas including Germany.

24. The items that Plaintiff class and collective sold include food items like beer, liquors, meat, sausage, breads, soft-drinks and juices from other states in America and from overseas including the Countries of Germany and Austria.

**FACTS REGARDING THE PLAINTIFF**

25. Plaintiff, Monica Aniszewski, is a resident of the State of Illinois.

**MAWKS CORPORATE FACTS**

26. Defendant MAWKS EDEWEISS, LTD., d/b/a Edeweiss Restaurant (Hereinafter referred to as "Mawks"), is a corporation or business which does business in Illinois.

27. Mawks operates a large restaurant in Norridge Illinois.

28. Defendant employs a staff of some full-time employees and a larger number of part time employees.

29. Matthew Kosch and Walter Kosch are owners and/or operators of Mawks.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

**A.      Class Allegations under IMWL and IWPCA**

30. Plaintiff brings state wage law claims, pursuant to the Illinois Minimum Wage Law 820 ILCS 105/1 and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.*, as individual and class action. The Class is defined as all current, former and future employees of Mawks paid an hourly wage less than minimum wage and/or not paid overtime or not paid the proper rate of overtime pay for all hours over forty per week via off-the-clock work time or had improper deductions/reductions taken from their wages and/or members of the tip pool, for which Defendants did not follow the tip pool regulations.

31. Plaintiff's IMWL Class includes claims for all owed wages due for three (3) years prior to the filling of this complaint and until an judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to both Named Plaintiffs and the Class).

32. Plaintiff's IWPCA Class includes claims for all owed wages due for five (5) years and/or ten (10) years prior to the filling of this complaint and until an judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to both Named Plaintiffs and the Class).

33. Excluded from the Class are Mawks legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Mawks; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class.

34. **Numerosity:** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants. Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period. The numerosity is also demonstrated by the MAWKS having a work force of 7-12 waitstaff employees at any one time and due to the high "turnover" of these positions the number of potential class members is increased substantially. It is estimated that there are at least 100 persons in the IMWL Class and 300 for the IWPCA Class.

35. **Commonality**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

    a. whether the Defendants employed Plaintiff and the Class within the meaning of the IMWL and IWPCA.

    b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records

    c. whether the Plaintiff and the Class were paid overtime wages pursuant to the overtime provisions of the IMWL and IWPCA

    d. whether Defendant's engaged in a continuing policy, pattern or practice of failing to pay all overtime wages at the proper rate of pay which includes all compensation;

e.  whether Defendant took unconsented deductions from the wages/hours/tips of the Class.

36.  **Typicality**:  The claims of Representative Plaintiff are typical of the Class.

37.  **Adequacy:** Representative Plaintiff will fairly and adequately represent the interests of the Class.

38.  **Superiority:**  A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual Plaintiff lack the financial resources to vigorously prosecute separate lawsuits in Court against a corporate Defendant like Mawks.

39.  The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

40.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendant.

41.  The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

42. IMWL and IWPCA violation claims are brought and maintained as a class for all IMWL/ IWPCA claims asserted by the Plaintiff.

43. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

44. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in against the corporate Defendant.

45. The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

46. IWPCA violation claims are brought and maintained as a class action pursuant to Illinois Code of Civil Procedure 735 ILCS 5/2-801-806, for all IWPCA and other Illinois wage laws asserted by the Plaintiff.

**B. The FLSA Collective Action**

47. Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of MAWKS who were, are, or will be employed by MAWKS during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were:

a. Had deductions taken from overtime wages.

    b.  Worked off the clock via the punch-out and keep working policy and procedure which reduced or failed to pay for all overtime wages.

    c.  Who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week and/or who were not compensated at the federal minimum wage rate of $7.25 per hour, via the above named policy and procedures.

48.    FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all server employees employed by Mawks.

49.    Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of MAWKS who have been denied proper payment of the overtime wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## STATEMENT OF FACTS

**A.    MAWKS policies and procedures and Compensation Practices fail to pay proper overtime rate of pay and/or Minimum Wage and/or take tips which are wages of Plaintiff and Class/Collective**

50.     Plaintiff was employed by MAWKS as an employee of the Defendant and Plaintiff  who work beyond forty hours, but for which Defendants failed to pay overtime at the proper and correct rate of pay.

## **FAILURE TO PAY OVERTIME WORK HOURS VIA DEFENDANTS' "PUNCH OUT AND KEEP WORKING" POLICY AND PROCEDURE**

51.     Plaintiff and all Defendant waitstaff worked as an hourly non-exempt employees.

52.     Defendant paid Plaintiff and all servers/waitstaff at a reduced rate of pay, known as a "Tip-Rate of Pay" and paid Plaintiff and Class $4.95 per hour.

53.     Plaintiff and Class was paid $4.95 per hour for all hours worked less than 40 hours.

54.     Plaintiff and Class was paid $9.075 per hour for all hours over 40 hours.

55.     However, Plaintiff was not paid for all work time, thus Plaintiff was not  paid proper  and complete minimum  wage and  overtime wages.

56.     Plaintiff estimates that she worked between 10-15 minutes off the clock each work day and 40-105 minutes paycheck.

57.     This off-the-clock work occurred when the Plaintiff and other employees were required to punch out and continue to work after the punch out.

58.     The Defendants clock-out procedures and closing work duties require Plaintiff to work off the clock, each and every shift.

59.     The Defendants procedures at the end of the work day for servers (including Plaintiff and other servers) is as follows:

   a.   The server clocks out, and then a tabulation of the server's sales ect. is printed.

   b.   After the clocking out occurs, Plaintiff and all other servers, are required by Defendant procedure to determine the sales, tips credit cards and other

"accounting".

    c. After the accounting is done, Plaintiff and all other servers, turn the papers, payment and other documents to the managers.

    d. After the papers and payments are turned into the managers, then and only then are other servers and Plaintiff are allowed to leave the restaurant.

60. Thus by this accounting procedure and this clock out procedure Plaintiff and class working from 10 to 15 minutes each day, without any compensation.

61. The accounting is a central and core duty of the Plaintiff and class, as this is where Defendant receives from the servers the sales and receipts for the business the server has done that day.

62. This clock out and keep working procedure occurs each and every day the servers work, as it is a function of the daily work tasks.

63. This clock out and keep working procedure occurs with each and every server/waitstaff member, as it is a function of the servers job duties.

64. Additionally sometimes other work is also required, in addition to the accounting procedures. This added work increases the off-the-clock work time further.

## CLOCK OUT PROCEDURE CAUSES A FAILURE TO PAY OVERTIME WAGES

65. Plaintiff pleads specific overtime violations, as required by some District Court Judges, on a week by week basis.

66. During the Pay period of 9/10/18 to 9/23/18, Plaintiff was paid 2.75 hours of overtime at a rate of $9.075 per hour, but Plaintiff also worked, off the clock, approximately 120 minutes beyond the 2.75 hours of overtime, for which Plaintiff was not paid.

67. Thus Plaintiff was not paid for approximately 120 minutes of overtime work, during the work weeks of 9/10/18 to 9/23/18.

68. During the Pay period of 6/4/18 to 6/7/18, Plaintiff was paid 8.34 hours of overtime at a rate of $9.075 per hour, but Plaintiff also worked, off the clock, approximately 120 minutes, for which Plaintiff was not paid.

69. Thus Plaintiff was not paid for approximately 120 minutes of overtime work, during the work weeks of 6/4/18 to 6/7/18.

NON-VOLUNTARY DEDUCTIONS

70. Plaintiff and Class also have taken from each and every check a deduction.

71. The Plaintiff and class deduction is labeled on the paycheck as "Voluntary Deduction" and "Miscellaneous Deduction".

72. While the deduction is labeled "voluntary" Plaintiff is completely unaware of what the purpose of the deduction is, or what purpose it serves.

73. Thus Plaintiff did not "volunteer" for the deduction, as the Plaintiff can not volunteer for something she has not information or knowledge about.

74. The deductions are not small, the following deductions were taken from the Plaintiff checks (by pay date):

    a.  4/3/18    $6.13

    b.  4/17/18    $23.89

    c.  4/30/18    $31.14

    d.  5/15/18    $15.67

    e.  5/29/18    $27.51

    f.  6/12/18    $19.83

    g.  6/26/18    $26.18

h.  7/10/18  $18.82

i.  7/24/18  $25.57

j.  8/7/18  $20.89

k.  8/21/18  $18.78

l.  9/4/18  $15.15

m.  9/18/18  $25.37

n.  10/2/18  $36.77

75.  Thus Plaintiff paid a total of $314.70 in non-voluntary deductions in just seven months of working for Defendants.

DEDUCTIONS VIOLATE THE TIP RATE REGULATIONS

76.  In addition to the violations for the deductions, the deductions have a much larger effect on Plaintiff's claims, in that the deductions violate the tip rate regulations.

77.  Defendants pay Plaintiff $4.95 per hour, which is less than $8.25 per hour.

78.  Defendants pay less than $8.25 per hour, via claiming and applying the tips received by the servers, to off-set the reduced rate of pay.

79.  To be allowed to maintain pay employees at a "tip rate" Defendants must fulfill ALL the requirements for tip rate pay.

80.  One of the regulations that Defendants must follow is that the employees must receive **_all_** their earned tips.

81.  Via the deductions the servers at not receiving all their earned tips.

82.  Here the Defendants "voluntary" deductions takes money from Plaintiff's tips via deduction from their paycheck.

83.     The compelled deduction from the tips of servers reduces their tip wages.

84.     In the Alternative, if the Defendant claims the tips are not taken via the deductions, the Defendants deductions violate the tip regulations by not paying the required tip rate of pay.

## DEDUCTIONS ALSO REDUCE TIP RATE BELOW THE STATUTORY RATE OF PAY

85.     Alternatively, if the deductions are not taken or don't reduce the tip funds of the Plaintiff and Class, the deductions do reduce the Plaintiff and classes rate of pay below the statutory minimum.

86.     Plaintiff and class are paid at a tip rate of $4.95 per hour as required by statute, the IWML.

87.     The Defendants' deductions reduce this rate of pay, below the statutory rate of pay.

88.     The effective rate of pay is determined by dividing the net pay (after deduction) by total paid hours.

89.     The deductions reduce the rate of pay as follows:

|    | Check Date | Deduction | Hours | Gross pay | Net pay | Effective Rate of Pay |
|----|-----------|-----------|-------|-----------|---------|----------------------|
| a. | 4/3/18    | $6.13     | 32.95 | $163.10   | $156.97 | $4.76                |
| b. | 4/17/18   | $23.89    | 61.12 | $302.54   | $241.42 | $3.94                |
| c. | 4/30/18   | $31.14    | 71.93 | $356.05   | $324.91 | $4.51                |
| d. | 5/15/18   | $15.67    | 67.87 | $335.96   | $320.29 | $4.71                |
| e. | 5/29/18   | $27.51    | 62.63 | $310.22   | $282.71 | $4.51                |

| | | | | | | |
|---|---|---|---|---|---|---|
| f. | 7/10/18 | $18.82 | 74.51 | $368.82 | $350.00 | $4.69 |
| g. | 7/24/18 | $25.57 | 63.33 | $313.48 | $287.91 | $4.54 |
| h. | 8/7/18 | $20.89 | 57.88 | $286.51 | $265.62 | $4.58 |
| i. | 8/21/18 | $18.78 | 47.73 | $236.26 | $217.48 | $4.55 |
| j. | 9/4/18 | $15.15 | 55.40 | $274.23 | $259.08 | $4.67 |
| k. | 9/18/18 | $25.37 | 73.30 | $362.84 | $337.47 | $4.60 |

90.    Thus Plaintiff was not paid the required minimum wage of $4.95 per hour, rather Plaintiff was paid as low as $3.94 per hour and the highest rate of pay for Plaintiff was $4.76 per hour.

DEDUCTIONS ALSO REDUCE OVERTIME PAY

91.    Deductions also reduce Plaintiff and Collective's Overtime pay and/or fail to pay for all worked overtime hours.

92.    While Plaintiff did not work overtime every week, Plaintiff worked in seven months overtime on three occasions.

93.    On each of these occasions Plaintiff had deductions from her wages, which thereby reduced her overtime wages and/or failed to pay Plaintiff at the proper rate of pay.

94.    The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

95.     Defendant's consented, were knowledgeable of that they were paying the overtime rate of pay incorrectly.

96.     Plaintiff is paid on an hourly pay rate and is classified as "non-exempt" employee by Defendant.

97.     Plaintiffs and the class employees were not paid the proper rate of overtime wages.

98.     This is a FLSA violation because the Plaintiff works beyond forty (40) hours, thus Plaintiff is owed time-and-half of her regular pay for ALL hours beyond 40.

99.     Further that by forcing her to work off the clock, this is a violation of the Plaintiff's rights under FLSA as she was not paid at time-and-half during these hours and rather is paid nothing for this work time.

100.    Further this also a violation of the Plaintiff's rights under Illinois Minimum Wage law and Illinois over-time wage law and IWPCA.

101.    The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

## MAWKS's Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

102.    MAWKS required and permitted Plaintiff, the Class, and the FLSA Collective, to work more than 40 hours in a week.  MAWKS did not pay Plaintiff, the Class, and the FLSA Collective the proper overtime rate for all of these overtime hours and/or minimum wage hours.

103. MAWKS unlawful conduct has been uniform, widespread, repeated and consistent.

104. Mawks's willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay.

105. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

106. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

**FIRST CLAIM FOR RELIEF**
**Individual and Class Action Against Defendant**
**Under the Illinois Minimum Wage Law "IMWL"**

107. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

108. Plaintiffs are or were employee of the Defendant pursuant to the IMWL.

109. Plaintiffs are or were employed by MAWKS as an employee.

110. It is and was at all relevant times, a policy of MAWKS to pay its employees at an overtime rate of pay and/or minimum wage pursuit to the Defendants' improper deduction policy and procedures and/or off-the-clock work, and/or Tip rate violations.

111. It is a policy, procedure and job requirement of Defendant MAWKS its employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses

112.    The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

113.    As a result of the foregoing, Plaintiffs and members of the Class have been damaged in an amount to be determined at trial.

114.    Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## SECOND CLAIM

### Individual and Class Action Against Defendant
### Under Illinois Wage Payment and Collection Act "IWPCA"

115.    Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

116.    Plaintiff was employed by Mawks.

117.    It is and was at all relevant times, a policy of MAWKS to take, without Agreement wages, tips and/or work time.

118.    The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

119.    Further that Defendant's forced Plaintiff and Class to work "off-the-clock".

120.    Plaintiff brings her claims for relief pursuant to the IWPCA as a class action for all employees who were, are, or will be employed by Defendants during the period of date five years (for oral contracts) and/or ten years (for written contracts) prior to the filing of this complaint of this action through the date of

judgment in this action, failed to pay all Agreed Wages via a policy of MAWKS to take, without Agreement wages, tips and work time from the class.

121. IWPCA violation claims are brought and maintained as a class action pursuant to Illinois Code of Civil Procedure 735 ILCS 5/2-801-806, for all IWPCA claims asserted by the Plaintiff.

122. This cause of action arises out of employment contracts or agreements; written and/or oral.

123. The named Plaintiffs were employed by Defendant.

124. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

125. Upon information and belief, all class employees of the Defendant had the same policies imposed upon its employees.

126. Plaintiffs are or were under the control and direction of the owner of the Defendant and/or his agents during the period of the Plaintiff employment under their contracts of service and in fact.

127. Plaintiffs were not an independent contractors, rather were employees of the Defendant by oral agreement and/or written contract.

128. Plaintiffs employment were in the usual course of business for which such service is performed.

129. Plaintiffs do not possess a proprietary interest in the Defendant.

130. The Defendant is an "employer" under the terms of the IWPCA section 2.

131. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

132. Individual Defendant Matthew Kosch and Walter Kosch are named as an employers, as they knowingly permitted violations of the IWPCA.

**THIRD CLAIM FOR RELIEF**
**On Behalf of Plaintiff and All Opt-In Employees**
**Against Defendant Mawks**
**As a Collective Action**
**(FLSA Claims, 29 U.S.C. § 201 et seq.)**

133. Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

134. The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

135. The Collective claims include all employees which Defendant has failed to pay at an overtime rate of pay which does not include the off the clock time and/or reduces the rate of pay by deductions.

136. At all relevant times, Defendant MAWKS has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has had gross

operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

137. At all relevant times, Defendants has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs and members of the prospective FLSA Class, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

138. At all relevant times, the work performed by retail employees including the Plaintiffs and prospective FLSA Opt-Ins, employed at Defendant were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

139. As a result of the Defendant willful failure to record or compensate its employees – including Plaintiff and members of the prospective FLSA Class – employed by Defendant for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

140. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine

the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

141. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

142. Plaintiffs, on behalf of herself and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

143. Plaintiffs, on behalf of herself and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

144. Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

145. At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were employed by Defendant within the meaning of the FLSA.

146. At all times relevant to this action, Plaintiffs and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

147. Due to Defendant's FLSA violations, Plaintiff and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees

who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

148. Individual Defendant Matthew Kosch and Walter Kosch are named as an employers, as they knowingly permitted violations of the FLSA

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the IWML Class, IWPCA Class, and the FLSA Collective, pray for the following relief:

A. That, at the earliest possible time, the Plaintiff be allowed to give notice of these class actions, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years and/or five years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit if they believe they were paid all wages due.

B. That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, to employees whom have been employed by the Defendants and as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed.

C. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

D. Unpaid regular wages, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws, including repayment of deductions taken from all service employees of Defendants.

E. Compensation originating from MAWKS company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

F. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

H. Certification of this case as a Class action and/or Collective action;

I. Designation of the Plaintiff as representative of the Class and/or Collective, and counsel of record as Class Counsel;

J. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 et seq. and supporting Illinois Department of Labor regulations and other state wage laws;

K. Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

L. Attorneys' fees in accordance with all applicable laws, Illinois Law and pursuant to 705 ILCS 225/1; the Illinois Attorneys Fees in Wage Actions Act

L. Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

C.       Liquidated damages in accordance with the IWPCA in the amount of 10 days of wages for each class member;

E.       Consequential damages;

I.       Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

J.       Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

L.       and costs of this action; and

L.       Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.


Dated: October 28, 2018

                                Respectfully submitted,

                                By:       -S-John C. Ireland
                                          John C. Ireland

                                          Attorney for the Plaintiff, Collective and Class

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
 630-464-9675
Facsimile 630-206-0889                    attorneyireland@gmail.com